LEMUEL S. KINGSBERRY *et al.*, EXECUTORS OF JEREMIAH KINGS-
BERRY, DECEASED, Plaintiffs in Error, *v.* PETTIS COUNTY,
Defendant in Error.

1. *Warrants, Pettis county — Made payable out of road and canal fund —
   Holder must look to that fund only.*— The holder of a Pettis county warrant, made payable on its face out of "the road and canal fund" of the

county, can look only to that fund for the payment of his claim, and cannot compel the county to pay the warrant out of its own proper funds.

And the liability of the county is not altered even though the road and canal fund may have been diverted from its proper purpose by legislative enactment or the action of the county, where it does not also appear that the county had actually received, or held subject to its control, some portion of that fund which it had not faithfully applied to the payment of the warrant.

The enabling act of March 21, 1868 (Sess. Acts 1868, p. 42), does not relieve the holder of the warrant.

### *Error to Pettis Circuit Court.*

*J. Montgomery*, with *F. P. Wright*, for plaintiffs in error.

By her contract the county has pledged a fund for the payment of this warrant, and cannot be allowed now to say that by the terms of her contract she was to pay the debt only so long as the fund was designated as the "road and canal fund."

She cannot receive and enjoy this fund for other purposes, and at the same time use and receive the benefit of this work and labor performed under the contract, released from any and all liability therefor. (Trustees W. & E. Canal Co. v. Beers, 2 Black, S. C., 448.)

The act approved March 21, 1868 (Sess. Acts 1868, p. 42), clearly empowers the County Courts to issue bonds and levy taxes for the very purpose of paying indebtedness of this nature.

After the conversion of this fund, the county is liable, out of her own funds, for the debt. The provision that the warrant is payable out of the road and canal fund, does not preclude us from inquiring whether this provision of the warrant purports to create a debt or liability against the county. Here is an act, sanctioned by legislative approval, pledging a fund for the payment of internal improvements. The County Courts, as authorized by this act, contract with parties to make improvements, on the faith of this fund. The parties enter upon the work; the improvements are finished, accepted and enjoyed, when the Legislature, by a single enactment, destroys the very fund set apart for the purpose of paying for the improvements. This the courts will not permit. (Newell v. The People, 3 Seld., N. Y., 9.)

*B. G. Wilkerson*, for defendant in error.

The Circuit Court did not err in sustaining the demurrer to plaintiffs' petition and rendering judgment for the defendant; since Pettis county is not liable to pay said warrant or any part of it out of her own proper fund. (Pettis County v. Kingsberry, 17 Mo. 479.) The only difference between that suit and this is, that since that case was determined the Legislature, in pursuance of the constitution of 1865, has diverted the road and canal fund from that purpose and made it a part of the school fund. This diversion of the road and canal fund cannot possibly make said county liable on a contract on which she was not before liable, and which she never made.

CURRIER, Judge, delivered the opinion of the court.

This is a suit upon a county warrant made payable out of the " road and canal fund" of Pettis county. The same warrant was sued upon in Kingsberry v. Pettis County, and the decision in that case must control our action in this. (See 17 Mo. 479.) It was decided by this court in that case that the county could not be compelled to pay the warrant in question out of any other than the road and canal fund, and that the creditor could alone look to that fund for the payment of his claim. The object of the present suit is to get a judgment against the county, payable from its resources other than the road and canal fund, and so, in effect, to reverse the former adjudication. But that adjudication definitely settled the law which must determine the disposition to be made of the present suit, and the decision will not be departed from on the present occasion.

It is averred, indeed, in the present petition that the road and canal fund is no longer " available for the payment of the balance due on said warrant, the same having been diverted"—as the petition alleges—" from that purpose by legislative enactment, and the action of the defendant by its agents." For that reason the plaintiffs now seek to compel the county to do what this court has once decided could not lawfully be required of it, namely, to pay the warrant by an application of its general funds to that

14—VOL. XLVIII.

use. The fact alleged, and as alleged, is not sufficient to take the case out of the scope of the former decision.

Had the petition shown that the county had in fact received any portion of the road and canal fund, and applied it to other uses than the payment of the warrant, or withheld it from that application, the case would have presented a very different aspect. But the petition fails to show that the county has at any time received, or held subject to its control, any part of said fund which it has not faithfully applied to the payment of the plaintiffs' warrant. The pleader contented himself by averring a general diversion, without any statement showing the amount claimed to have been diverted, whether substantial or merely nominal, or the time, place, or circumstances of the act complained of; or any fact showing that the county has in fact converted to its own use any part of the fund set apart for the payment of the claim sued on.

The enabling act of March 21, 1868 (Sess. Acts 1868, p. 42), authorizing counties in certain cases to issue bonds, does not relieve the plaintiffs' case from its embarrassments.

The other judges concurring, the judgment will be affirmed.