E. M. CAMPBELL, Appellant, v. POLK COUNTY, Respondent.

1. *Revenue — County warrant — Special fund.*— The holder of a county warrant made payable out of a special fund cannot recover in an action against the county thereon, after that fund has been exhausted.

*Appeal from Polk Circuit Court.*

*T. A. Sherwood*, for appellant.

I. The liability of the county is general, and is not restricted by the warrant being payable out of a particular fund. (Ubsdell & Pierson v. Cunningham, 22 Mo. 124; Terry v. Milwaukee, 15 Wis. 490; Savage v. Supervisors of Crawford County, 10

Wis. 49; *id.* 73; Lyell v. Supervisors Lapier County, 6 M. L. 446; Paddock v. Symonds *et al.*, 11 Barb. 117; Young v. Camden, 19 Mo. 309; Campbell v. The County of Polk, 3 Iowa, 467; Clark v. Des Moines, 19 Iowa, 199.)

II. There was no such fund as the one on which the warrant was drawn. Campbell's only remedy, then, is against the county; he having done everything in his power to collect out of the particular fund, his warrant becomes due and payable from the county forthwith. (See above cited authorities.)

III. A warrant, when drawn in the mode provided by law, is, in legal effect, the promissory note of the county. (Clark v. Des Moines, *supra;* Board of Commissioners v. Day, 19 Ind. 450.)

*John S. Phelps*, for respondent.

The internal improvement fund, like the road and canal fund, was a special fund derived under the act of Congress, September, 1841, and set apart for purposes of internal improvement. (R. C. 1855, p. 991, §§ 1, 2 and 4.) County Courts have no power to charge the revenues of counties with expenditures for internal improvement. Plaintiff delayed for seven years the collection of his demand from the fund on which it was drawn, and has no right on this state of facts to require the people now to be charged with the indebtedness. (Pettis County v. Cooper, 17 Mo. 479; State v. Cooper County Court, *id.* 507.)

ADAMS, Judge, delivered the opinion of the court.

The plaintiff, as assignee, sued Polk county on a warrant drawn on the "internal improvement fund." Upon the trial of the case it was proven that there was no internal improvement fund; that it had been exhausted; and upon this evidence the court found for and gave judgment for the defendant. The District Court affirmed this judgment.

The plaintiff was not entitled to recover on this warrant, as it was to be paid out of a specific fund which had been exhausted. The principles laid down by this court in Kingsberry v. Pettis County, 17 Mo. 479, are applicable to this case. In the case

referred to, Kingsberry was the assignee of a warrant on the county treasurer of Pettis county, "payable out. of the road and canal fund," and the court. held that he could only look to the road and canal fund, and could not compel the county to. pay the warrant out of its own proper funds.

Judgment affirmed.    The other judges concur.