COOK, *Appellant*, v. PUTNAM COUNTY.

1. **Pleading.** Material facts should be distinctly and not inferentially alleged. The court will not supply by intendment an averment which the pleader has failed to make.

2. **County Treasurer:** UNAUTHORIZED PAYMENT OF WARRANTS. A county treasurer who pays a warrant when there is no money in the fund on which it is drawn, cannot recover the amount from the county, and it does not matter that the payment was made at the instance of the county court and upon their promise to make good the amount, nor that the warrant was received from the treasurer and canceled by the court.

*Appeal from Putnam Circuit Court.*—HON. JOHN W. HENRY, Judge.

AFFIRMED.

*A. W. Mullins* for appellant.

*C. L. Dobson* for respondent.

NORTON, J.—This case is before us on appeal from the action of the circuit court of Putnam county, in sustaining a demurrer to the following petition:

Plaintiff, by this, his second amended petition, states that he was county treasurer of said Putnam county, in the State of Missouri, from and after the 8th day of November, 1868, until the 28th day of November, 1872, duly qualified and acting as such. Plaintiff states that during the time aforesaid, he received as such treasurer the aggregate sum of $6,259.52, moneys belonging to the county poor fund of said county; and that during that time as such county treasurer he paid warrants to various persons which had been drawn by the county court of said county on plaintiff as such treasurer, and payable out of said county poor fund, to the amount of $8,235.75, making the sum of $1,986.18, paid out by him as such treasurer, in excess of all receipts into said fund. Plaintiff states that each and all of said warrants so paid by him were legal and

valid, and were at the time they were paid by him a sub-sisting indebtedness against said Putnam county, the de-fendant, and that said payments were made by plaintiff at the instance and request of the defendant, acting by and through its said county court, and under the assurance that the account between the plaintiff and defendant would, at the end of plaintiff's term of office be correctly adjusted, settled and liquidated. Plaintiff says that at the end of his said term of office, the defendant acting by and through its county court, received from him the said warrants so paid by him and canceled the same, and that said county court, after having undertaken to make final settle-ment with plaintiff, and after receiving and canceling said warrants, agreed to pay plaintiff the balance due him on said account, but neglected, and subsequently failed, and refused and still refuses to pay the same or any part thereof, or to complete such settlement with plaintiff. And the plaintiff says that said sum of $1,986.18, together with the interest thereon since the 28th day of November, 1872, is still due and owing plaintiff, and for which he prays judg-ment.

Plaintiff's cause of action, as stated in said petition, is based upon the fact that as county treasurer having in his charge the county poor fund of Putnam county, he had paid out in county warrants drawn upon said fund the sum of $1,968.18 in excess of all receipts into said fund. Under the statute creating the office of county treasurer and reg-ulating his duties, these payments were wholly unauthor-ized. Sections 13 and 14, Wag. Stat., 998, provide that the duty of a county treasurer in relation to the county poor fund, shall be the same as that prescribed by law in relation to other county funds, and that he shall keep the account of such funds separate from all other accounts; it is further provided in section 33, Wag. Stat., 415, that no county treasurer shall pay any warrant drawn on him unless it is presented by the party in whose favor it is drawn, or by his assignee, executor or administrator, and

when presented for payment, if there be no money in the treasury for that purpose, the treasurer shall so certify on the back of the warrant, and shall date and subscribe the same. It is further provided in section 8, Wag. Stat., 410, that all warrants presented shall be paid out of the fund mentioned in said warrant, and in section 35, Wag. Stat., 415, it is declared that any treasurer who shall violate any of the provisions of this chapter shall be deemed guilty of a misdemeanor in office and fined in a sum not less than $10 nor more than $500, to be recovered by indictment. It is clear from these statutory provisions that a county treasurer is only authorized to pay a county warrant drawn upon a particular or special fund when he has such fund on hand, and that when no such fund is in his hands, it is his duty to so certify on the back of the warrant, and we think it equally clear that a disregard of these provisions cannot give plaintiff a standing in court.

It is, however, argued that the averment in the petition that "at the end of his said term of office, the defendant, acting by and through its county court, received from him the said warrants so paid by him and canceled the same, and that said county court, after having undertaken to make final settlement with plaintiff, and after receiving and canceling said warrants, agreed to pay plaintiff the balance due him on said account, but neglected, and subsequently failed, and refused and still refuses to pay the same or any part thereof, or to complete such settlement with plaintiff," in connection with the other averments states a cause of action. If the object of the pleader in this averment was to state that a final settlement of his accounts as treasurer had been made with the county court, and the sum of money for which he sues was ascertained and declared to be due him on said settlement, he has failed to express it by the language employed in the petition; but on the contrary, the inference is plainly deducible from what is said, that the county court only undertook to make a settlement, which they did not complete, and for aught

that appears in the petition, it still remains open and incomplete. It appears from the record that this was the second amended petition of plaintiff, and if a settlement of plaintiff's accounts had been made with the court and a balance found due plaintiff, it should have been distinctly and not inferentially alleged; and we cannot supply by mere intendment an averment which the plaintiff has failed to make in his petition.

Besides this, it is well settled that the holder of a county warrant payable out of a particular fund, can only look to that fund for payment, and in the event of such fund being exhausted, he cannot recover against the county a judgment to be paid out of the general fund of the county. *Campbell v. Polk Co.*, 49 Mo. 214; *Kingsbury v. Pettis Co.*, 17 Mo. 479. If, therefore, the holders of the warrants drawn upon the county poor fund of Putnam county in excess of such fund in the hands of the treasurer could not maintain an action against the county for a general judgment, it necessarily follows that the treasurer, by the mere payment of such warrants when he had no such fund in his hands, cannot invest himself with greater rights than the holders of such warrants possessed, and as the holders of such warrants, if they had not been paid for want of funds to pay, could not have maintained such an action as plaintiff's petition discloses, plaintiff, by having paid them when he had no fund properly applicable to their payment, would likewise be prohibited from maintaining such action. Judgment affirmed, all concurring.