Moody v. Cass County, *Appellant*.

County Warrants: ROAD AND CANAL FUND. A county is not liable
generally upon a warrant drawn upon a fund which has become ex-
hausted and which the county court has no power to replenish by
taxation or otherwise, as for instance, the road and canal fund.

*Appeal from Cass Circuit Court.*—HON. NOAH M. GIVAN,
Judge.

REVERSED.

*A. H. Hoge* for appellant.

*Boggess & Railey* for respondent.

HENRY, J.—This is an action against the county on its
warrant upon the treasurer of the county in favor of John
Bouse for $295.45, payable out of any money in the "road
and canal fund." Payments were made on the warrant,
and plaintiff, assignee of Bouse, sued and obtained a judg-
ment for the balance, from which the county has appealed.

The warrant was payable out of a fund which the
county court has no power, by taxation or otherwise, to
increase. Three per cent of the net proceeds of sales of
the public lands of the United States, lying in this State,
by an act of congress, are payable to the State; and this,
by an act of the general assembly, constitutes the road and
canal fund of the several counties. It is to be inferred,
from his acceptance of a warrant on that fund, that Bouse
agreed with the county to look to that fund alone for sat-
isfaction of his demand; and if this were not so in fact,
his suit must be not upon the warrant, but on the original
agreement, whatever it was. A party cannot do work for
a county and agree that he shall be paid out of a fund
which the county has no means, either of increasing or
replenishing, and in the event of the exhaustion of that
fund, resort to other funds. *State ex rel. Watkins v. Macon
Co. Ct.*, 68 Mo. 29.

*Kingsberry v. Pettis Co.*, 48 Mo. 207, and *Campbell v. Polk Co.*, 49 Mo. 214, have not been overruled in this particular, and in the *International Bank v. Franklin Co.*, 65 Mo. 105, the warrant was payable " out of any money in the treasury appropriated for county expenditures." This was, in one sense, a special fund, but the county court could, and when it became necessary, an obligation rested upon it to increase that fund to an amount required to discharge the county indebtedness for county expenditures. It is not to be inferred, from the acceptance of a warrant by the creditor on that fund, that he agreed, if there was not enough money in it to pay his debt, to look solely to that fund for his satisfaction. The warrant, in such case, is evidence of a general indebtedness, and we are satisfied with the conclusion reached and announced in the *Bank v. Franklin Co., supra.*

The plaintiff's petition, herein, does not allege that when the treasurer refused to pay the warrant there was money in the fund on which it was drawn to pay it in whole or in part. The refusal of the treasurer, as alleged in the petition, was on the ground that there was no money in that fund out of which to pay the warrant. If the payee of the warrant, as we are to assume, agreed to look alone to that fund for payment of his demand, and there was no money in that fund to pay any part of the warrant when payment was demanded, on what ground can plaintiff maintain his action ? Wherein is the county in default ? The judgment, for the reasons above stated, is reversed and the cause remanded. All concur.