CAMPBELL, *Appellant,* v. POLK COUNTY COURT.

**County Warrant—on Internal Improvement Fund.** The holder of a county warrant payable out of a fund created alone by the bounty of the governments of the United States and the State, and which the county authorities have no power either to create or replenish, by taxation or otherwise, (such as the Internal Improvement Fund,) can look only to that fund for payment of his warrant. He has no claim upon the county revenues proper.

*Appeal from Polk Circuit Court.* — HON. R. W. FYAN, Judge.

AFFIRMED.

*Rechow & Underwood* for appellant.

*J. B. Upton* and *B. J. Emerson* for respondents.

RAY, J.—Plaintiff sued defendants on a warrant drawn on the "Internal Improvement Fund," of Polk county. The suit was commenced on the 6th day of April, 1876. The petition charges that plaintiff is the duly appointed administrator of the estate of E. M. Campbell, deceased; and that the defendants are the duly elected, qualified and acting members, composing the county court of Polk county, and as such, are trustees of and have charge of the "Internal Improvement Fund" of said county; that the county court of Polk, as such trustees of said fund, on the 11th day of May, 1860, executed and delivered to one Henderson Bradshaw, their certain order to the treasurer of Polk county, commanding him to pay said Bradshaw the sum of $463.15, out of the "Internal Improvement Fund;" which said order or warrant was presented for payment on same day, and payment refused by the treasurer of said county; that afterward, in June, 1860, said warrant was duly assigned to E. M. Campbell; and that after that, in November, 1866, said warrant was lost or destroyed; and that thereafter, on the 22nd day of April, 1874, the county court of Polk county executed and delivered to the plaintiff a duplicate of said warrant, which is filed with the petition and reads as follows, to-wit:

"The treasurer of Polk county will pay to Henderson Bradshaw, or order, the sum of $463.15, out of the 'Internal Improvement Fund.' Given at the court house this 11th day of May, 1860.

(Signed)        MOSES P. HART, President.

JAMES M. JONES, Clerk.

*Duplicate.*—This duplicate issued in open court, at April term, third day thereof, the same being the 22nd day of April, 1874.

(Signed)        J. W. FARMER, Ch. Co. Court.

Attest:   A. C. LEMMON, Clerk."

The petition then charges that said warrant remains due and unpaid; wherefore plaintiff asks judgment for the said sum and interest thereon, from the 11th day of May, 1860.

The answer contains three defenses: 1st, A general denial; 2nd, The ten year statute of limitation; and 3rd, "A former adjudication" to the following effect: That on the 13th day of August, 1867, E. M. Campbell, in his lifetime, commenced an action in the circuit court of Polk county, against defendant, the subject matter of which, was the same warrant now sued on, and alleged to have been executed by defendant; that the issue in said former action was the same as in this action, to-wit: Whether defendant was indebted to said Campbell on said warrant; that, at the spring term of said court, for the year 1869, said cause was tried, and a judgment rendered for defendant, which judgment is now in full force and effect, and is a bar to any further action on said warrant.

To this answer there was a general denial, and neither party requiring a jury, the cause was submitted to the court for trial; whereupon the plaintiff in support of his said action introduced in evidence : 1st, The said duplicate warrant; 2nd, The order of the Polk county court, at its April term, 1874, directing the issuance of said duplicate; and lastly he offered J. W. Farmer as a witness, who testified that in 1863, 1864, 1865, 1866 and 1867 he was the agent of said E. M. Campbell, and as such had in his possession the warrant, of which the one here sued on is a duplicate; that he presented the same to the treasurer of Polk county, W. R. Devin, but never received anything on the same; that said warrant had an assignment on the back, by Henderson Bradshaw to E. M. Campbell, and that there was this further entry on said warrant : " Presented for payment this — day of ——, 1860, and no money in the treasury;" that in 1866 his store was robbed, and he had never been able to find the warrant since. It had been

lost, destroyed or stolen.    This was all the evidence offered by the plaintiff.

The defendants, to sustain the issue on their side, offered and read in evidence the record in the case of *E. M. Campbell v. Polk County*, commenced in the circuit court of Polk county in September, 1867, and terminated in the Supreme Court in January, 1872, together with the judgment and opinion of the Supreme Court in said cause, reported in 49 Mo. 214.   The petition in that case charges the issuance of the warrant in question, on the day in question, and payable out of the fund in question, as in this case ; and that the same was duly assigned to said E. M. Campbell, and by him presented to said county treasurer for payment on the 12th day of May, 1860, who indorsed thereon, "No money in the treasury ; therefore payment is refused."    Said petition also says, that the amount of said warrant, with six per cent interest from date of presentment, is due and unpaid, and for which it asks judgment.    Defendant's answer denies the issuance of said warrant, and further denies that defendant is indebted to plaintiff, in said sum, or in any amount whatever. Said cause was tried in said court, on said issues, in June, 1869, and the issues were found for the defendant and judgment accordingly.    The case was appealed to the district court, where the judgment of the circuit court was affirmed, from which the cause was further appealed to this court, where the judgment of the district court was also affirmed, and will be found reported in 49 Mo. 214.    Such is the record in this cause.

The principle involved in the cases of *Pettis Co. v. Kingsbury*, 17 Mo. 479 ; *Campbell v. Polk Co.*, 49 Mo. 214, and *Moody v. Cass Co.*, 74 Mo. 307, is decisive of this case.    The principle of all these cases is, that in suits against the county, on warrants payable out of a special fund, such as was the case in said suits, the holder could only look to that particular fund, and could not compel the county to pay such warrants out of its own proper

funds. In the case of *Kingsbury v. Pettis Co.*, the suit was on a warrant payable out of the road and canal fund. No part of the warrant or interest thereon was ever paid by the county; and the question was whether the plaintiff, under the facts stated, was bound to wait on the road and canal fund for payment, (that being an uncertain and fluctuating fund, known to be so at the time of letting the bridge,) or whether he could sue the county and recover the full amount from her, out of her own proper funds, and it was held that the plaintiff could only look to the special fund in question, and could not compel the county to pay the warrant out of her own proper funds. In the case of *Campbell v. Polk Co.*, 49 Mo. 214, (which, by the way, was a suit by the intestate of this plaintiff, in his lifetime, against said Polk county, on the same county warrant which is the subject matter of this action by his administrator,) at the trial it was admitted that the warrant sued on was against the " Internal Improvement Fund," and that the county had no such fund, at that time, nor when the suit was brought, and it was held that the plaintiff was not entitled to recover on the warrant, as it was payable out of a special fund, which was exhausted; and further, that in such case the plaintiff could only look to the special fund, and could not compel the county to pay the warrant out of her own proper funds. And in the still more recent case of *Moody v. Cass Co.*, 74 Mo. 307, the doctrine of *Kingsbury v. Pettis Co.* and *Campbell v. Polk Co.* is cited, and expressly held to be the true doctrine in all such cases.

The " Internal Improvement Fund," out of which this warrant was payable, (like the road and canal fund, out of which the warrants in the *Kingsbury* and *Moody cases*, above mentioned, were payable,) was a special fund, derived under the act of Congress, September, 1841, and set apart for the purpose of internal improvements; and which, also, by the act of the general assembly of Missouri, of March 27th, 1843, (R. S. 1855, 983, §§ 1, 16,) was likewise set apart

and denominated the "Internal Improvement Fund," and which by the act of March 27th, 1845, (Ib., p. 991, §§ 1, 4,) was further set apart to be distributed among the counties, as the same might be realized, to be by them applied, through the county courts of the several counties, to the purpose of internal improvements. Such being the origin and nature of the fund out of which this warrant was payable, the reasoning of the court in the case of *Moody v. Cass Co., supra,* is eminently applicable to the case at bar, and conclusive of the question at issue. In this case, as in that, the warrant was payable out of a fund which was wholly and exclusively the bounty of Congress and the State, and which the county court has no power by taxation or otherwise, either to create or replenish. And in this case, as in that, it is to be inferred from the payee's acceptance of such a warrant, that he agreed with the county to look to that fund alone for the satisfaction of his demand, and upon its failure, he cannot resort to other funds.

From these principles and rulings, it would also seem to follow, that in such cases, the holder of such a warrant should allege and prove, that there was money in the fund on which the warrant was drawn to pay it, in whole or in part, and that without such allegation and proof no recovery can be had. In the case at bar there was no such allegation or proof. On the contrary, the plaintiff's own proof tended to show that there was no money in the county treasury of that fund, either at the date of the warrant or since. The plaintiff, therefore, must fail of a recovery. Such a petition, in such a case, it would also seem, states no cause of action. As the considerations hereinbefore expressed are decisive of this case, we need not examine the many other questions arising on this record and presented in the brief of counsel. For these reasons the judgment of the circuit court is affirmed. All the judges concur.