MOODY, *Plaintiff in Error*, v. CASS COUNTY.

1. **Roads, Construction of**: ROAD AND CANAL FUND. A contractor for the construction of public roads could be paid under Revised Statutes, 1855, only out of the road and canal fund.

2. **County Warrant**: SPECIAL FUND. One who accepts a warrant on a special fund, cannot look to another for its payment.

*Appeal from Cass Circuit Court.*—HON. N. M. GIVAN, Judge.

AFFIRMED.

*Railey & Burney* for plaintiff in error.

(1) The assignor of plaintiff was a general creditor of defendant. *International Bk. v. Franklin Co.*, 65 Mo. 113.; *Clark v. Des Moines*, 19 Ia. 199. (2) The records of the county court should show the proceedings and contracts of the court. *Milan v. Pemberton*, 12 Mo. 602; *Dennison v. St. Louis Co.*, 33 Mo. 171; *Maupin v. Franklin Co.*, 67 Mo. 329. The decision of the lower court was wrong, because it is admitted in the record of this case that the only entry made by the county court concerning the services of Bouse as road overseer, was the one as follows: "Ordered that a warrant issue to John Bouse for $295.40 on road and canal fund for his services as road overseer." There was, therefore, no evidence of any agreement having been made by Bouse with the county court to look to the road and canal fund for his pay. (3) A county warrant when drawn is in effect a

promissory note. *Floyd Co. v. Day*, 19 Ind. 450 ; 65 Mo. 113 ; 19 Ia. 199. The giving of a promissory note is not a payment of the original indebtedness, unless it be so agreed between the parties. Colebroke on Collateral Securities, sec. 29, and cases cited ; *Steamboat Charlotte v. Hammon*, 9 Mo. 59 ; *Murray et al. v. Taylor*, 30 Mo. 263 ; *Howard et al. v. Jones et al.*, 33 Mo. 583. (4) The suit mentioned in the answer, and on which defendant relied to support its plea of *res judicata*, was not upon the warrant, but was an action for conversion of funds belonging to the road and canal fund, which instead of being set apart for the payment of said warrant, were transferred to some other fund and used for other purposes. (5) The assignment of the warrant to plaintiff was an equitable assignment of the debt itself. *Walker v. Mauro*, 18 Mo. 564 ; *Bk. v. Bogy*, 44 Mo. 18 ; *Jones v. Hurst*, 67 Mo. 572.

*Wm. L. Jarrott* and *H. Clay Daniel* for defendant in error.

It is to be inferred from the acceptance by Bouse of the warrant on the road and canal fund that he agreed to look to that fund alone for payment of his claim. *Moody v. Cass Co.*, 74 Mo. 307 ; *State, etc., v. Macon Co.*, 68 Mo. 29 ; *Kingsbury v. Pettis Co.*, 48 Mo. 207 ; *Campbell v. Polk*, 49 Mo. 214, and 76 Mo. 57.

PER CURIAM.—This was a suit brought by plaintiff to recover $295.40 for work and labor alleged to have been performed by plaintiff's assignor as road overseer. The defendant answered alleging that the work and labor was performed, but at the time due was adjusted and paid by the county by the issue and delivery of a county warrant for the amount on the road and canal fund, and then and there accepted with a full knowledge of all the facts, etc. As a further answer it is alleged that in 1875 plaintiff sued the defendant on the warrant issued and accepted as above stated ; and re-

covered judgment for, and received on said judgment, all the money in the road and canal fund in Cass county, etc. The plaintiff in his reply admitted that his assignor, John Bouse, at the time said warrant was issued to him, believed the road and canal fund to be the most reliable in Cass county and accepted the same in good faith believing it would be paid, etc.

The evidence tended to prove that the work and labor performed was the building of a public road between Harrisonville in Cass county and Warrensburg in Johnson county. That the assignor, Bouse, accepted the warrant on the road and canal fund in payment therefor; and that he so received it because "said road and canal fund at the time said warrant was issued, was the only fund in Cass county on which warrants when drawn were considered worth their face." This road and canal fund was one which was applicable "to the construction and improvement of roads, bridges or canals, and to no other object." R. S., 1855, p. 1365, sec. 10.

I. It would be inferred in the absence of evidence to the contrary, that for such service, and the acceptance of a warrant on the road and canal fund without objection, that the payee would look to that fund alone for payment. It would amount to an agreement with the county, to look to that fund for compensation. And in such case he would not be permitted, after exhausting that fund, to then seek payment from some other. *Moody v. Cass County*, 74 Mo. 307.

II. The only distinction between the case at bar and several others decided by this court, is, that in those cases the suits were upon the warrants themselves, whilst here, an attempt is made to recover on a contract, and ignore the warrant. But the facts here show clearly the services rendered, as being that character of service, constructing public roads, which must be paid out of a particular fund, and that the payee accepted a warrant for his services on that identical fund knowingly, giving as a reason therefor that that was the only fund on

which the warrants were worth their face value. This work was done as a contractor and not as road overseer. The evidence clearly shows this. As a contractor for constructing a road he could only, under the law of 1855, be paid out of the road and canal fund, and not out of the county treasury, or out of the road tax of his district, as provided in section sixty-one, Revised Statutes, 1855, page 1379.

Having accepted a warrant on the special fund, which is exhausted, he cannot look to any other. This has been so held in 74 Mo. *supra; Kingsberry v. Pettis Co.*, 48 Mo. 207; *Campbell v. Polk Co.*, 49 Mo. 214; and in *State ex rel. Watkins v. Macon Co.*, 68 Mo. 29.

We think it very clear that the judgment of the circuit court should be affirmed, and it is so ordered.