M. S. BARBER, Plaintiff-Respondent,

v.

ALLRIGHT KANSAS CITY, INC., a corporation, et al., Defendants-Appellants.

No. 25561.

Kansas City Court of Appeals,
Missouri.

Oct. 4, 1971.

Koenigsdorf, Kaplan, Kraft & Fox, by Errol Copilevitz, Kansas City, for defendants-appellants.

Robert J. Taylor, Kansas City, for plaintiff-respondent.

SHANGLER, Presiding Judge.

Plaintiff's petition, which came in two counts, undertook to plead a cause of action for false imprisonment in Count I and for malicious prosecution in Count II. At the conclusion of the plaintiff's evidence, the defendant moved for directed verdict as to both counts, but the trial court sustained the motion only as to Count I. After defendant had adduced evidence, the cause of action for malicious prosecution was submitted to the jury which found a verdict for plaintiff for $500 actual damages and $75 punitive damages. Defendant's Motion for Judgment in Accordance with Motion for Directed Verdict or for New Trial was overruled.

Our disposition of the points defendant raises on this appeal requires only this brief evidential reference. On March 1, 1965, plaintiff, who was then employed by the Post Office Department at its Kansas City, Missouri, airport facility, leased parking space for that month for his 1955 Buick automobile from defendant Allright Kansas City, Inc., which operated parking lots nearby. Plaintiff was given the appropriate adhesive identification marker for that month which, as directed by defendant, he placed on the windshield of his automobile. The parking lots were regularly unattended but were periodically checked by Hans Stuemmel, the manager of defendant's airport facilities, by inspecting the windshields of the cars parked there for the appropriate identification marker valid during that particular month. Since defendant had been prompted by the Aviation Department of the City of Kansas City to discourage unauthorized parking on these lots, and particularly on lot number four where plaintff had leased space, its manager "was over there * * * once or twice a day checking that particular lot". On March 8, 1965, in the course of his inspection of lot number four, Stuemmel detected three cars without apparent valid identification, plaintiff's 1955 Buick among them. He summoned a policeman who, upon Stuemmel's written complaint, issued citations to plaintiff and the others for illegal parking on private property. The policeman did not, himself recall examining the windshields of the cars.

On his way home from work that evening, plaintiff discovered the ticket fluttering from beneath his windshield wiper, stopped his car and examined it. The ticket disclosed that it had been issued upon Stuemmel's signed complaint. Since plaintiff was not scheduled to work the following two days, on the third day he brought the car to Stuemmel and pointed to the windshield which clearly displayed a valid identification marker. Stuemmel told plaintiff he could see the marker then, but that he did not see such a marker on March 8, 1965, and freely admitted that the ticket had issued upon his written complaint. Stuemmel told plaintiff that since the fine for the infraction was $5.00, if plaintiff would pay it, defendant would reimburse him by allowing him a month's free parking. Plaintiff, obviously agitated, refused because "(he) knew (he) was not guilty". With that, he informed the Clerk of the Municipal Court that he intended to plead "not guilty" to the charge, requested and received a trial setting. Plaintiff in the company of employed counsel, appeared in court, tried the issue, and was discharged. This suit for damages ensued.

■ Defendant's first point is that its motion for directed verdict at the close of plaintiff's case as to Count II of plaintiff's petition which alleged a malicious prosecution should have been sustained because plaintiff failed to prove want of probable cause and the presence of malice. Defendant presented evidence after its motion for directed verdict at the close of plaintiff's case was overruled, however, and having done so, waived the motion and any error which may have resulted from the court's action denying the motion. Garvis v. K

Mart Discount Store, Mo.App., 461 S.W.2d 317, 320 [1]; Mo.Digest, Trial .

██ Defendant next argues that the trial court erred in having overruled its motion for directed verdict at the close of all the evidence because Count II, the only subsisting portion of plaintiff's petition, was fatally defective as a statement for malicious prosecution in that it did not allege that plaintiff suffered actual damage. In asserting this argument, defendant not only acknowledges that the constitutive elements of a cause of action for the malicious prosecution of a cause, whether civil or criminal, are: " '(1) the commencement of prosecution of the proceeding against him or her; (2) its legal causation by the present defendant; (3) its termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage to plaintiff by reason thereof' " (Bonzo v. Kroger Grocery & Baking Co., 344 Mo. 127, 125 S.W.2d 75, 77 [1]; Ripley v. Bank of Skidmore, 355 Mo. 897, 198 S.W.2d 861, 866 [22, 23]; Hughes v. Aetna Ins. Co., Mo., 261 S.W.2d 942, 949 [6–8]; 54 C.J.S. Malicious Prosecution § 4), but also effectively concedes the sufficiency of Count II as a pleading for malicious prosecution in all essential respects except as to actual damages.

It should be noted that plaintiff specifically stated a claim for punitive damage in Count II of his petition. And although he did not explicitly allege actual damage in Count II, he did allege such damage in Count I and undertook to incorporate by reference into Count II "all the statements, allegations and averments set forth in Count I of his petition". It is appellant's position, however, that while incorporation by reference is undeniably a proper form of pleading,[1] "the incorporation must refer in a clear and direct, positive and explicit manner to that which it attempts to incorporate". Thus, the "total incorporation" of Count I into Count II attempted by plaintiff was ineffective to adopt the actual damage allegation from one into the other, so Count II remained fatally defective in that respect. The defendant then concludes that since an award for actual damages is a necessary foundation for punitive damages and a properly pleaded basis for both must be laid in the petition (see Keller v. Summers, 262 Mo. 324, 171 S.W. 336, 339 [5]; Civil Rule 55.21, V.A.M.R.), a petition which does not allege actual damage cannot support an award for either and should have been dismissed.

██ These arguments come too late. While the sufficiency of a petition to state a claim may be raised at any stage of the proceedings (State ex rel. Gardner v. Webber, 177 Mo.App. 60, 164 S.W. 184, 186 [3]; Valleroy v. Southern Railway Company, Mo., 403 S.W.2d 553, 556 [4]; Civil Rules 55.43 and 79.03, V.A.M.R.), and even for the first time on appeal (Matthews v. Truxan Parts, Inc., Mo.App., 327 S.W.2d 28, 38 [12]; Sec. 512.160, V.A.M.S.), a petition will be found sufficient after verdict "(i)f, after allowing reasonable inferences and matters necessarily implied from the facts stated, there is sufficient to advise defendant with reasonable certainty as to the cause of action it is called upon to meet and bar another action for the same subject-matter". Richard Brown & Son Contracting Co. v. Bambrick Bros. Const. Co., 150 Mo.App. 505, 131 S.W. 134, 135 [2]; State ex rel. Schroeder & Tremayne v. Haid, 328 Mo. 807, 41 S.W.2d 789, 790 [3, 4]. Cognately, a petition which only imperfectly pleads a claim but which is amendable to a proper statement of that claim without changing the cause of action will be held good after verdict. State ex rel. Gardner v. Webber, 164 S.W. l.c. 186 [4]; Kemper v. Gluck, 327 Mo. 733, 39 S.W.2d 330, 335 [11, 12].

██ We do not doubt that prior to trial defendant could have moved to strike Count II of the petition, or to have made

---

1. Sec. 509.130, V.A.M.S.; Civil Rule 55.14, V.A.M.R.

its allegations more definite and certain, or even for dismissal of the pleading for failure to state a claim upon which relief could be granted. But in that event, plaintiff could have readily amended to allege actual damage—that essential element which, as defendant concedes, alone was lacking for an actionable statement for malicious prosecution—without departing from the cause of action originally, albeit defectively, pleaded. Instead, defendant chose to join issue on the merits, accept the hazard of a trial, permit plaintiff's evidence of expenditures for counsel fees and other incidents of actual damage to come in without objection, and now seeks to defeat plaintiff's recovery by seriously questioning for the first time on this appeal the sufficiency of the pleading upon which that recovery rests. While it is true that defendant's answer and motion for directed verdict at the close of all the evidence raised, in general terms, the sufficiency of Count II as a statement for malicious prosecution, they did not even hint of the special defect of failure to allege actual damage which is now raised. Neither defendant's motion nor answer was a sufficient objection to prevent a waiver of the omission to plead actual damage. Harris v. Goggins, Mo., 374 S.W.2d 6, 12 [4–6]; State ex rel. Hartz v. American Surety Co., 203 Mo. 71, 217 S.W. 317, 320 [2]; Monmouth College v. Dockery, 241 Mo. 522, 145 S.W. 785, 794 [7]. Evidence of actual damage was received without objection as if that necessary fact issue had been properly raised in the pleadings and now, after judgment, it will be deemed to have been tried by the implied consent of the parties and the petition will be treated as amended to meet the proof and theory upon which the case was tried. Civil Rule 55.54, V.A.M.R.; Heald v. Erganian, Mo., 377 S.W.2d 431, 438 [4]; Gathright v. Pendegraft, Mo., 433 S.W.2d 299, 305 [2]. From the transcript it is plain that defendant, which sought exoneration on the basis of the existence of probable cause and lack of malice, understood that plaintiff's claim was for malicious prosecution. However imperfectly plaintiff may have pleaded, defendant was not misled.

■ Defendant's final assignment that: "The Court Below Erred in Failing to Sustain Defendant's Motion for Directed Verdict or for New Trial Because the Verdict Was Against the Greater Weight of the Credible Evidence" does not state a legal ground for review of a jury case because only the trial court, and not the appellate court, has authority to weigh the evidence. Nelson v. Tayon, Mo., 265 S.W.2d 409, 416 [7]; Connor v. Temm, Mo.App., 270 S.W. 2d 541, 547 [6]. The argument which subjoins this claim of error confirms that what defendant actually seeks to have reviewed is its contention that a new trial should have been ordered because the verdict is excessive.[2] It is defendant's position that the verdict which returned $500.00 as actual damages for plaintiff, when the only evidence of "properly ascertainable" damage was $50.00 for the attorney's appearance at the Municipal Court hearing and $6.00 hotel expense, was excessive. But that is merely another way of contending that as to the issue of damages the verdict is against the weight of the evidence, and for the same reason we have given—that in a jury case the trial court

2. Although defendant's brief argues simple excessiveness, neither here nor in the trial court has defendant sought the corrective remedy of remittitur to redeem the judgment and any honest mistake the jury may have made in weighing the evidence as to injury or in fixing damages in an amount inconsistent with the rule of uniformity of verdicts. Instead, defendant argues for the drastic alternative of a new trial, although not contending that the excessiveness resulted from misconduct, demonstrated or implied. (For cases which deal definitively with the scope and effect of review of assignments of error based upon simple excessiveness of a verdict authorizing remittitur and excessiveness by misconduct, see: Skadal v. Brown, Mo., 351 S.W.2d 684, 689 [12–18]; Jones v. Pennsylvania R. Co., 353 Mo. 163, 182 S.W.2d 157, 159; Moore v. Glasgow, Mo.App., 366 S.W.2d 475, 478; Nussbaum v. Kansas City Stock Yards Co. of Maine, Mo., 359 S.W.2d 335, 340.)

weighs the evidence in passing on the size of the verdict, but we may not—fails to present anything for appellate review. St. Louis-San Francisco Railway Co. v. Morrison, Mo.App., 439 S.W.2d 27, 29 [2]; Union Electric Company v. McNulty, Mo., 344 S.W.2d 37, 39 [1]; Bell v. Bell's Estate, Mo.App., 368 S.W.2d 544, 545 [1].

The judgment is affirmed.

All concur.