**C. J. OTTE, Plaintiff-Respondent,**

**v.**

**Edward F. McAULIFFE and Florence O. McAuliffe, Defendants-Appellants.**

**No. 33316.**

St. Louis Court of Appeals.

Missouri.

May 20, 1969.

Daniel P. Reardon, Jr., St. Louis, for defendants-appellants.

Hansen & Stierberger, E. A. Stierberger, Union, for plaintiff-respondent.

GERALD M. SMITH, Commissioner.

This appeal involves a mechanic's lien suit in which judgment for $2,457.81 plus interest was entered by the Court in favor

of the plaintiff-contractor and against defendants, the landowners, and a lien was adjudged against the property. The cause was tried to the Court without a jury. The defendants contend the action of the Circuit Court in refusing to admit testimony that the material and workmanship furnished were faulty was error. We agree.

The action was commenced by a petition to enforce a mechanic's lien. After setting out the identity of the parties and ownership and description of the real estate involved, the petition stated: "That during the month of September, 1966, the defendants * * * as owners of the tract of land described * * * entered into an agreement with the plaintiff, C. J. Otte, contractor, pursuant to which said agreement the plaintiff C. J. Otte became the original and general contractor for the construction of improvements on the above described parcel of real estate; * * *."

It was then alleged that, "* * * at the special instance and request of the defendants * * *" the plaintiff furnished materials, supplies, and labor in the construction, repair and remodeling of buildings on the real estate. The various materials and labor were set out in detail as well as the charge for each item. The petition states, "* * * that each and every item of said account was *reasonably* worth the amount charged therefore at the time same was furnished and delivered and that all of the items combined were *reasonably* worth * * *" $9,391.77 against which was a credit for payment of $6,933.96. Each item is alleged to have been furnished in reliance upon having a mechanic's lien and all items, "* * * of said *account* were furnished under one agreement between plaintiff and defendants, and with the approval and insistence of the defendants * * *." The last item was furnished on April 27, 1967, on which date, "* * * said *account* accrued and became due and payable * * *." The petition recites the filing of the lien and attaches it as an exhibit.

The mechanic's lien states that plaintiff, "* * * files the *account below set forth for work and labor done, and materials furnished* by the said C. J. Otte, under contract with Edward F. McAuliffe and Florence O. McAuliffe, his wife * * *" and further states that the work, labor and materials were furnished at the defendants' request.

Defendants admitted the identity of the parties and ownership and description of the real estate and denied all other allegations. No affirmative defenses were pleaded.

We will not review in detail all the evidence at trial, but certain of the testimony must be noted. The agreement alleged in the petition was oral and according to plaintiff, defendants agreed to pay him to build the house on the basis of labor and material plus seventeen per cent (17%) of the labor. A fixed charge per hour for labor was agreed to. Periodic billings for labor and materials were made by plaintiff and paid by defendants up to February 24, 1967, and plaintiff sought to recover only for the labor and materials from that date through April 27, 1967, when he ceased work on the house. Plaintiff did not seek to recover the 17% override. Defendants contended, and plaintiff admitted, that the oral agreement required plaintiff to see that the house was built according to what defendants wanted, and plaintiff had the responsibility to do the work in a workmanlike fashion using "good middle of the road quality" material. Plaintiff and his witnesses testified on direct examination that the charges for material and labor were reasonable.

Defendants attempted during their case to elicit testimony intended to show that the material furnished by plaintiff was of poor quality and the work was not performed in a workmanlike fashion.

A carpenter who had worked on the job was allowed to testify without objection that some of the material was warped and twisted and difficult to work with. The witness stated that this was called to

plaintiff's attention and plaintiff said to try and use it as he had bought it at a bargain. Defendants then called as an expert witness a general contractor who had inspected the house after plaintiff had completed his work. Plaintiff objected to any testimony by the witness on the nature and quality of the work performed, as beyond the scope of the pleadings. The Court sustained the objection. Defendants' offer of proof, denied by the Court, indicated that if allowed to testify the witness would state that the material was of poor quality and the work was faulty. He further would have testified that in his opinion, plaintiff had already been paid more than the material and work were reasonably worth. The witness was further prevented from teestifying to the specific faults he found in the construction and to the reasonable cost of building the house.

Defendant-husband was permitted to testify that his agreement with plaintiff limited his cost in building the home to $14,000.00, and that he had already expended more than $19,500.00 for the home. He was not permitted to testify, however, on the condition of the premises when plaintiff ceased work, that the work was incomplete, and on specific faulty work and low quality materials. Defendants' offer of proof of these matters was also denied.

Plaintiff supports the action of the trial court in excluding defendants' evidence of poor quality material and unworkmanlike performance upon the theory that the suit was based upon a contract and defendants' failure to allege faulty performance by affirmative defense, setoff, or counterclaim precludes them from introducing such evidence. Defendants contend the suit was based upon quantum meruit and that faulty performance may be established at trial under a general denial.

Plaintiff relies on Brush v. Miller, Mo. App., 208 S.W.2d 816, where this Court stated: "The rule is well settled that in an action on contract, an answer limited to a general denial merely puts the plaintiff on proof of all matters necessary to make out his cause of action, but does not authorize the defendant to prove any new matter constituting an affirmative defense." (1. c. 819). The Court there held that the question of *quality* of performance, as contrasted to *fact* of performance, was an affirmative defense and evidence of unworkmanlike performance was not admissible under a general denial.

■■ On the other hand it is clear that in an action for quantum meruit for services rendered it is competent for defendant to show under a general denial any matter affecting the value of the services, and he may show in reduction of such value that the work was unskillfully performed. John O'Brien Boiler Works Co. v. Sievert, Mo. App., 256 S.W. 555 [4]. Quantum meruit means as much as he deserves, and recovery under such doctrine requires the plaintiff to plead and prove that the charges are fair and reasonable, and that the materials and labor were reasonably worth the amount which plaintiff seeks to recover. Fitzgerald v. Schaefer, Mo.App., 216 S.W. 2d 939 [2, 3]; Adams v. Smith, Mo.App., 307 S.W.2d 525 [1, 2].

■ Although plaintiff's petition states that an agreement existed between the parties, we cannot construe that pleading as being an action to recover on the specific contract. The case here is nearly identical factually with John O'Brien Boiler Works Co. v. Sievert, supra, and is governed thereby. The petition does not set out the terms of the contract, the amount to be paid under it, the obligations of plaintiff, or even what "improvements" plaintiff was to construct. The materials, supplies, and labor are itemized in the petition, a procedure required under quantum meruit, but not where recovery is sought for a fixed contract amount. K–V Builders, Inc. v. Thomas, Mo.App., 353 S. W.2d 130 [2–4]. The petition consistently refers to an "account" and alleges the reasonable worth of the items making up the account. The lien is for "work and labor

done, and materials furnished." At no point is it alleged that the parties agreed to a fixed price for the labor and materials. That fact alone makes Brush v. Miller, supra, inapplicable here.[1] The agreement established the relationship of owner-contractor between the parties, and gave plaintiff a status to enforce a lien (See Sec. 429.010, RSMo 1959, V.A.M.S.). But plaintiff here is not seeking to recover a contractually fixed amount of money, but instead seeks to recover the reasonable value of the materials and labor furnished under authority of the agreement. The agreement does not serve, even prima facie, to establish that amount. The agreement as to the labor charge per hour may be used to establish prima facie a reasonable labor charge per hour. John O'Brien Boiler Works Co. v. Sievert, supra. Cabool School Dist. v. United States F. & G. Co., Mo.App., 9 S.W.2d 103. But the reasonable number of hours, the quantity of materials, and the reasonable charge for the materials must be established by the plaintiff other than by reference to the agreement, which is silent on those matters. Plaintiff offered evidence to establish the reasonableness of the charges for material and labor. He limited his relief sought to the value of the labor and materials actually furnished, exclusive of the override. We do not believe that plaintiff's pleading, or his evidence at trial, can be construed as an attempt to recover on an express contract. We can only construe the litigation as an attempt to recover under quantum meruit for work and materials

furnished. On such theory defendants were entitled, under their general denial, to present evidence establishing the poor quality of the materials and workmanship. The evidence excluded by the Court was relevant to the issue of reasonable value of plaintiff's labor and materials furnished, and the Court erred in excluding such testimony.

Defendants also claim that plaintiff failed to prove his case because of a purported failure to establish that the material and labor actually went into defendants' building. Defendants have not included such contention in their "Point and Authorities" as provided by Civil Rule 83.05, and we are not required to consider it. However, review of the record demonstrates that evidence was adduced to support this element of the case and a fact question was presented. We are unable to say plaintiff failed to make a case on that ground.

The judgment is reversed and the cause remanded for new trial.

PER CURIAM.

The foregoing opinion by GERALD M. SMITH, C., is adopted as the opinion of this Court. Accordingly, the judgment is reversed and the cause remanded for new trial.

WOLFE, P. J., BRADY, J., and DOUGLAS W. GREENE, Special Judge, concur.

---

1. In view of our finding that the cause of action stated is in quantum meruit it is not necessary to decide another question raised by defendants, i. e.: whether providing good workmanship and "middle of the road quality" materials is a condition precedent to plaintiff's recovery and if so whether defendants may introduce evidence on this issue under a general denial. We also do not decide whether the holding in Brush v. Miller requiring the pleading of affirmative defenses should be applied where doubt exists on the face of the petition as to plaintiff's theory of recovery. (See Civil Rule 55.-26, V.A.M.R.)