**TWIN BRIDGES CONSTRUCTION CO., INC., a Missouri corporation, d/b/a Adams Construction, Plaintiff-Respondent,**

v.

**Donald W. FERNER and Elizabeth Ferner, his wife, Defendants-Appellants.**

No. 13891.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 13, 1985.

Harold L. Henry, Henry, Henry & Henry, West Plains, for defendants-appellants.

JoAnne Spears Jackson, Bussell, Hough, O'Neal, Crouch & Hall, Springfield, for plaintiff-respondent.

FLANIGAN, Judge.

Plaintiff Twin Bridges Construction Company, Inc., a Missouri corporation, d/b/a Adams Construction, sued defendants Donald Ferner and Elizabeth Ferner, his wife, for a personal judgment and the imposition of a mechanic's lien, (§ 429.010, et seq.),[1] against defendants' land in Howell County. Plaintiff provided the materials and labor which were used in the construction of the basement of defendants' new house. The jury assessed plaintiff's damages at $9,853.37, the amount sought by the petition. The trial court entered judgment against both defendants in the amount of the verdict and also awarded a mechanic's lien "for said sum ... against the dwelling house of defendants and three acres of land upon which it is located on the following described real estate...." The judgment then described the 40-acre tract on which the house was built. Defendants appeal.

Defendants' first point is that the petition fails to state a claim upon which relief can be granted, "in that the petition did not allege any agreement of the parties as to the obligation of plaintiff or contract price, or breach by defendants."

The petition alleged, in substance: Defendants entered into a contract with plaintiff on September 23, 1982, for the purchase by defendants from plaintiff of mate-

---

1. All references to statutes are to RSMo 1978, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

rials and labor for the construction of a basement of a house to be built on the described 40-acre tract owned by defendants; pursuant to the contract plaintiff, between September 23, 1982, and February 24, 1983, provided defendants with the materials and labor "at the price and of the reasonable value of $9,853.37"; attached as Exhibit A was an itemized statement showing "the particulars of said indebtedness"; plaintiff, having previously demanded "payment of the account" from defendants, on May 16, 1983, filed with the circuit clerk of Howell County a verified, just and true account of its demand for which plaintiff claimed a lien, together with a description of the land and the names of the owners.

■ Although the sufficiency of a petition to state a claim may be raised at any stage of the proceedings, and even initially on appeal, Rule 55.27(g)(2), a petition will be held sufficient after verdict if, coupled with inferences reasonably implied from the facts stated, it advises the defendant with reasonable certainty as to the cause of action he is called to meet and is sufficient to bar another action for the same subject matter. *Bandag of Springfield, Inc. v. Bandag, Inc.*, 662 S.W.2d 546, 548[1] (Mo. App.1983); *Barber v. Allright Kansas City, Inc.*, 472 S.W.2d 42, 44[3] (Mo.App. 1971). "[A] petition which only imperfectly pleads a claim but which is amendable to a proper statement of that claim without changing the cause of action will be held good after verdict." *Barber,* supra, at p. 44.

Defendants argue that the petition is defective in three respects: (a) "it does not allege any breach of contract by defendants"; (b) it does not allege that defendants "failed to purchase any item or items"; (c) it does not allege that defendants "failed, following demand, to pay plaintiff's account."

Although the petition alleges that the parties entered into "a contract," it also alleges that the material and labor furnished were of the reasonable value of $9,853.37. The materials and labor furnished were itemized in Exhibit A, "a pro-

cedure required under quantum meruit, but not where recovery is sought for a fixed contract amount." *Otte v. McAuliffe,* 441 S.W.2d 733, 736 (Mo.App.1969).

■ In support of (a), defendants argue that the petition is based on the theory of quantum meruit and is insufficient to plead an action on an express contract because it fails to plead an agreed contract price. The petition is not a model but it was not challenged by a motion for more definite statement. If it contains, as defendants tacitly concede, allegations which, if proved, would entitle plaintiff to recover on quantum meruit, allegations which are unnecessary to the statement of the cause of action on quantum meruit may be treated as surplusage and disregarded. *American Drilling v. City of Springfield,* 614 S.W.2d 266, 274[8] (Mo.App.1981). It is of no moment whether the petition was sufficient to plead a breach of an express contract. Criticism (a) has no merit.

■ Criticisms (b) and (c) are without merit because they concern issues which, even if not raised by the pleadings, were tried by the consent of the parties and thus they are treated as if they had been raised in the pleadings. Rule 55.33(b). It is not clear what defendants mean by criticism (b), but the evidence showed that the materials and labor itemized in the petition were provided by plaintiff at the request of defendant Donald Ferner. The evidence with respect to Elizabeth Ferner will be discussed later. With regard to criticism (c), plaintiff's evidence, uncontradicted in this respect, showed that, after completion of the work, plaintiff demanded payment and none was made. Moreover, defendants' answer did not plead payment which, under Rule 55.08, is an affirmative defense. Defendants' first point has no merit.

■ Defendants' second point is that the trial court erred "in entering judgment for plaintiff on a jury verdict under [plaintiff's verdict-directing instruction]." In support of this assertion defendants reargue their first point, which this court has rejected. Further, "[i]f a point relates to the giving

... of an instruction, such instruction shall be set forth in full in the argument portion of the brief." Rule 84.04(e). Defendants' brief fails to set forth the challenged instruction in the argument portion, or indeed in any portion. Defendants' second point has not been preserved for review. *Ferguson v. Overhead Door Co. of Springfield, Inc.,* 549 S.W.2d 356, 362[5] (Mo.App. 1977).

Defendants' third point is that the trial court erred in entering judgment impressing a lien on defendants' land because plaintiff's lien statement was defective and failed to meet the requirements of § 429.-080 in that the statement failed to include a description of the specific three acres, § 429.010, "and the rights of third parties, namely the trustee and cestui que trust, were affected thereby." [2]

Under § 429.010 a mechanic or materialman, upon compliance with the provisions of Chapter 429, is afforded "a lien upon such building, erection or improvements, and upon the land belonging to such owner or proprietor on which the same are situated *to the extent of three acres.*" [3] (Emphasis added.)

Section 429.080 requires that the lien statement, to be filed with the circuit clerk, contain, among other things, "a true description of the property, or so near as to identify the same, upon which the lien is intended to apply...." Section 429.180 requires that the petition, filed in an action to enforce the lien, "shall contain a description of the property charged therewith." Both defendants having appeared and answered, the interplay of § 429.230 and § 429.240 requires that the judgment, if for the plaintiff, include a correct description "of the property charged with the lien." *Hertel Electric Company v. Gabriel,* 292 S.W.2d 95, 100[7, 8] (Mo.App.1956).

On May 18, 1983, the plaintiff filed its "statement of mechanic's lien" with the clerk of the Circuit Court of Howell County. The only land description contained in that statement is a description of the 40-acre tract on which the work was done. There was no legal description, nor indeed any mention, of a specific three-acre tract on which the lien was sought to be imposed.

The only land description contained in the petition, filed June 10, 1983, was a description of the 40-acre tract on which the work was done. That document contained no legal description of the specific three-acre tract on which the lien was sought to be imposed. The judgment awarded a mechanic's lien for the sum of $9,853.37 "against the dwelling house of defendants and *three acres of land upon which it is located* on the following described real estate...." (Emphasis added.) The judgment then described the 40-acre tract on which the house was built.

The present three-acre limitation contained in § 429.010 was, prior to a 1974 amendment of the statute, a one-acre limitation. Several Missouri cases have addressed the problem encountered when a lien claimant fails to take cognizance of that limitation. They include *Paradise*

---

**2.** The petition named, as additional defendants, the trustee and beneficiary of a deed of trust which defendants executed on September 4, 1982. The petition alleged that the deed of trust was "on" the 40-acre tract on which the work was done. The petition also alleged that the deed of trust was recorded on November 9, 1982, after the commencement of the work. Defendants' answer admitted execution of the deed of trust on September 4, 1982, but denied the other allegations with respect to the deed of trust. The answer also stated, "that any lien which plaintiff might be entitled to, as to which these defendants deny, would not be a priority as to said deed of trust." At the trial no evidence was introduced concerning the deed of trust and the judgment recites that "plaintiff's

petition be dismissed as to [the trustee and beneficiary]."

**3.** The "three acres" limitation does not apply in two situations: (a) "[I]f such building, erection or improvements be ... in any town, city or village," and (b) "[I]f such building, erection or improvements be for manufacturing, industrial or commercial purposes and not within any city, town or village." Although the record does not contain any showing that the Ferner land is or is not "in any city, town or village," the briefs of both parties assume that the three-acre limitation does apply, and this court adopts that assumption.

*Homes, Inc. v. Helton,* 631 S.W.2d 51 (Mo. App.1981); *First Fla. Bldg., Inc. v. Safari Systems, Inc.,* 570 S.W.2d 728 (Mo.App. 1978); and *Williams v. Cass,* 372 S.W.2d 156 (Mo.App.1963). The cases will be discussed in chronological order.

In *Williams* the lien statement filed with the circuit clerk, § 429.080, and the petition instituting the action, § 429.180, contained a description of the 320-acre tract on which the house was built but there was no description of a specific one-acre tract to which the lien was limited. The court pointed out the foregoing facts and added that the record reflected "no effort to survey, locate, define, or describe a tract no larger than one acre." The court then said, at p. 160: "Therefore, upon trial plaintiffs could not have been entitled to a judgment impressing a lien. § 429.010; *Hertel Electric Co. v. Gabriel,* Mo.App. 292 S.W.2d 95, 99–100." *Hertel Electric Company* contains an exhaustive review of earlier cases dealing with the problem.

In *First Fla. Bldg., Inc.,* the lien statement described the land upon which the lien was claimed as "not more than one acre" of land lying within the 200-acre tract on which the work was done. The statement contained a metes and bounds description of the 200-acre tract. Citing *Hertel Electric Company,* supra, the court said, at p. 735, that the Missouri rule is "that when a lien statement *claims an undescribed one acre lying within an adequately described larger area,* the determining factor as to the validity of the description consists of whether or not the contest is only between the original contracting parties or whether the rights of third parties have intervened." (Emphasis added.) The court found that the rights of third parties had intervened and the failure of First Florida to identify the one-acre tract in its lien statement was fatal. Apparently the "third parties," whose rights had intervened, were not parties to the action.

First Florida claimed that a sufficient description of the one-acre tract was contained in its after-trial brief filed in the trial court. Rejecting that contention, the court said, at p. 735, "This very belated attempt at description cannot serve to remedy the failure to include a proper description in the lien statement as required by & 429.080."

In *Paradise Homes, Inc.,* the trial court entered judgment denying a lien. The work was done on a five-acre tract. The lien statement described the land, against which the lien was sought, as "not more than three acres of" the described five-acre tract. At the trial the attorney for the lien claimant requested a survey "to mark out the three acres." The court of appeals held that the description in the lien statement "was sufficient to file the lien and commence this action." The court cited cases which, it said, supported the lien claimant's "right to file an indefinite description and later substitute a definite one." In several cases, said the court, "the description was determined after the trial of the cause had commenced."

At p. 54 the court said:

"In *Williams v. Cass* a lien was sought to be established against an entire tract of 320 acres without reference to the one acre limitation which was in effect at that time. In addition, in *Williams* there was no effort on the part of the plaintiff to survey, locate, define or describe the one acre tract. In the case at bar appellant requested a lien only upon three acres instead of the entire tract and indicated he was prepared to supply a legal description of the three acres.

"In *Hertel Electric Company v. Gabriel,* supra, at 100, the court refused to enter an order for a survey upon a motion made *after the judgment.* Appellant in the case under review requested the court *before judgment* to order a survey of the property if the lien were granted. Actually *Hertel Electric Company v. Gabriel,* supra, at 100, supports appellant's position by citing the many cases in which lien claimants have come to court without an exact description of the parcels subject to the lien and *before judgment* established the required descriptions." (Emphasis added.)

The court, in *Paradise Homes, Inc.*, supra, at p. 53, upheld the lien claimant's argument that "his *prejudgment* request that the court permit him to survey the property in order to specify the three acres saved the description from indefiniteness." (Emphasis added.) At p. 54 the court said: "Bearing in mind that the mechanic's lien statutes are to be liberally construed this court rules that the trial court erred if it denied appellant's lien because of the failure of appellant to furnish a legal description of the parcel subject to the lien *prior to trial.*" (Emphasis added.)

In *Williams,* the failure of the lien statement and of the petition to mention or describe a specific one-acre tract, coupled with a failure of the record to reflect a *prejudgment* effort to describe the one-acre tract, was fatal to the lien. In *First Fla. Bldg., Inc.,* the lien statement mentioned, but did not describe, a one-acre tract. A post-judgment effort to provide the description was ineffectual. The lien also failed because of the intervention of rights of third parties. In *Paradise Homes, Inc.,* the lien statement mentioned, but did not describe, a three-acre tract as part of the larger tract. The lien was upheld where counsel for the lien claimant, *prior to judgment,* requested a survey.

In the case at bar neither the lien statement nor the petition mentioned or attempted to describe specifically a three-acre tract. During the trial, at the time plaintiff offered into evidence its lien statement, defendant objected to its introduction "because there is no proper legal description of the real estate of defendants as required by the lien laws." At the close of plaintiff's evidence, defense counsel, as a ground for defendants' motion for directed verdict, stated that the land description in the lien statement and in the petition were improper. There was no attempt by counsel for plaintiff,[4] *prior to judgment,* to obtain a legal description of a specific three acres, through survey or otherwise. The

judgment itself contains no description of a *specific* three-acre tract.[5]

Although the lien laws contained in Chapter 429 are remedial and are to be liberally construed, a liberal construction does not relieve a lien claimant from the necessity of reasonably and substantially complying with the statutory requirements. *Farmington Building Supply Co. v. L.D. Pyatt Const. Co.,* 627 S.W.2d 648, 650[1] (Mo.App.1981). The legislature, in § 429.-010, limited the lien, in the case at bar, to three acres. At no time prior to judgment, nor indeed afterward, did the lien claimant recognize and at least attempt to meet that limitation. There is no need to determine whether or not the rights of third parties have intervened. See Footnote 2. Such intervention would constitute an additional reason to deny the lien. Defendants' third point is well taken and that portion of the judgment purporting to impress a lien on any portion of defendants' land is vacated.

Defendant's fourth point is that the plaintiff failed to make a submissible case against Elizabeth Ferner, on the issue of her personal liability, "because there was no showing of any contract between plaintiff and Mrs. Ferner, in that no representative of plaintiff gave evidence of having had any discussion whatsoever with Mrs. Ferner prior to commencement of work, but testified they dealt exclusively with Donald Ferner."

There was no written contract. Prior to the commencement of the work defendant Donald Ferner negotiated with representatives of the plaintiff. Mrs. Ferner did not participate in those negotiations nor was she present when they were conducted. Mrs. Ferner testified that she "was not in any way involved in the contract between Donald Ferner and Mr. Adams (plaintiff's representative). The matter was never discussed with me." After the work had been completed, plaintiff sent two statements to Donald Ferner, the first on April 1, 1983,

---

4. The present firm representing plaintiff did not do so in the trial court.

5. An "acre" is "a quantity of land containing 160 square rods of land *in whatever shape.*" 1 C.J.S. 921. (Emphasis added.)

and the second on April 20, 1983. Each of those statements named only "Don Ferner." During the course of the work the "concrete pad" in front of the fireplace "sank." Mrs. Ferner telephoned John Adams, Jr., plaintiff's president, about that situation.

There·was no evidence that Mrs. Ferner had authorized her husband to act as her agent in dealing with the plaintiff nor was there any evidence that the husband made any statements to plaintiff's representatives indicating that he was acting for his wife as well as for himself. Defendants owned the land as tenants by the entirety. There was evidence that Mrs. Ferner had participated with her husband in the design of the house. There was also evidence from Donald Ferner that Mrs. Ferner was in the beauty supply business "which we were going to move down in the bottom of the new house.... The plans will show that part of that was set aside for that."

In *Bartlow-Hope Electrical Corp. v. Herzog*, 692 S.W.2d 404 (Mo.App.1985), a contractor brought an action against a husband and wife for materials and labor furnished under an oral contract. Although the husband had participated in preliminary negotiations with the contractor prior to the purchase of the building on which the work was done, only the wife and the contractor were involved in making the oral arrangements after the building had been acquired. There was no showing of the manner in which title was taken. The trial court entered judgment against both defendants. On appeal the judgment against the husband was reversed and the judgment against the wife was affirmed. The court of appeals held that the marital relationship did not alone empower either spouse to act as agent for the other and that, in the absence of proof of facts or circumstances showing agency, the power to act as agent for the nonparticipating spouse would not be inferred. The court also held that there was no evidence of any participation by the husband in the engagement of the contractor's services or in approval of the work.

Where a husband and wife own land as tenants by the entireties, and only the husband has dealt with a contractor or materialman with respect to work done on the land, at least three Missouri cases have mentioned the distinction between the amount of evidence required to show the husband's agency for his wife for the purpose of entitlement to a mechanic's lien, and the amount required to make the wife, as well as the husband, personally liable. They are: *Bryant v. Bryant Construction Company*, 425 S.W.2d 236, 242 (Mo.App. 1968); *E.C. Robinson Lumber Company v. Lowrey*, 276 S.W.2d 636, 641 (Mo.App. 1955); and *Magidson v. Stern*, 235 Mo. App. 1039, 148 S.W.2d 144, 152 (1941).

In *Magidson*, 148 S.W.2d at p. 152 the court said:

"The purpose of the mechanic's lien act is not to create a personal indebtedness not otherwise existing, but only to provide a lien under the conditions enumerated in the act; and where, as in the case at bar, an owner contracts through an agent, the agent may either be one whose agency is sufficient in its scope to enable him to bind the owner personally for the value of the labor and material furnished, or he may be a person with such limited authority as to be unable to bind his principal personally for the work, but who, at the same time, by the exercise of the limited authority conferred upon him, will transmit to the person furnishing the labor and material the right to a lien upon the owner's premises."

Plaintiff was not entitled to a mechanic's lien in the case at bar for the reasons discussed under defendants' third point. It is, therefore, unnecessary to determine whether the foregoing activities on the part of Elizabeth Ferner would have been sufficient to satisfy a showing of agency for the purpose of imposing a lien. As pointed out in *Kaufmann v. Krahling*, 519 S.W.2d 29, 31 (Mo.App.1975), however, a wife's interest in land held by the entirety "is not lienable simply because she knew of or acquiesces in construction work, evidences interest in it, compliments it, or even makes suggestions as it proceeds. None of these

activities alone permits the inference she has jointly assumed the husband's debts.... Nor does the wife's reception of benefits from construction upon entirety property necessarily render her interest lienable since a husband has a right in his own behalf to improve entirety property."

This court holds that the wife's "level of activity," *Kaufmann,* supra, at p. 31, was not sufficient to bind her personally for her husband's debt. Defendant's fourth point has merit.

The trial court properly awarded a personal judgment against Donald Ferner. The portions of the judgment, however, which granted plaintiff relief against defendant Elizabeth Ferner and which purported to grant plaintiff a mechanic's lien, were erroneous and are hereby vacated.

The judgment is reversed and the cause is remanded with directions to the trial court to enter a new judgment in favor of the plaintiff Twin Bridges Construction Company, Inc., and against defendant Donald W. Ferner in the sum of $9,853.37, together with interest from the 21st day of June 1984, at the statutory rate, together with the costs, including the costs of this appeal. It is so ordered.

TITUS, P.J., and GREENE, J., concur.