**AMERICAN NURSING RESOURCES, a Missouri corporation, Appellant,**

v.

**Joann RADFORD, Respondent.**

**No. 54545.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 27, 1988.

Ernie Brasier, St. Louis, for appellant.

Ray Dickhaner, Hillsboro, for respondent.

CRIST, Judge.

American Nursing Resources (American) appeals from a judgment denying wife's liability to pay for nursing services rendered to her husband. We affirm.

American began providing private nursing services to Larry Radford (husband) on May 18, 1986. On September 11, 1986, respondent Joann Radford (wife) executed a written service agreement providing that she would be financially responsible to American for the services it was to provide to husband. American continued services until October 21, 1986. Husband died sometime thereafter. The total value of the nursing services so provided was $5,191.50.

The trial court found wife owed American $1,248.20, the amount due for services provided after the date wife signed the service agreement. American asserts the trial court erred by not finding wife liable for all nursing services provided to her husband.

American did not provide any contract relating to the services provided to husband that pre-dated the September 11, 1986 service agreement signed by wife. Nor did the contract wife signed purport to make her liable for the services American provided prior to the contract date. American produced no evidence as to who initially requested the services. Wife is not liable for nursing services provided to her husband that she did not contract for. *See Shands Teaching Hospital and Clinics, Inc. v. Smith*, 480 So.2d 1366 [1] (Fla.Dist. Ct.App.1985), *approved*, 497 So.2d 644 (Fla. 1986) (wife not responsible for medical services of husband that she did not contract for); *Cf. Twin Bridges Constr. Co., Inc. v. Ferner*, 700 S.W.2d 534, 539 [7] (Mo.App. 1985) (wife not personally liable for construction debt on home she and husband owned as tenants by the entireties, where wife did not participate in negotiations, there was no written contract, and oral contract was made by husband).

JUDGMENT AFFIRMED.

CRANDALL, P.J., and REINHARD, J., concur.