**HILL BEHAN LUMBER COMPANY,**
**Plaintiff–Appellant,**

v.

**Mike DINAN, Peggy L. Stockton, Washington Savings & Loan Association and Dorothy A. Beste, Trustee, Defendants–Respondents.**

**No. 56720.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 27, 1990.

Isidore I. Lamke, Robin E. King, Washington, for appellant.

Sidney A. Thayer, Jr., Washington, for Dinan and Washington Sav.

Prudence Fink Johnson, Union, for Stockton and Beste.

SATZ, Presiding Judge.

In this mechanic's lien case, plaintiff, Hill Behan Lumber Co. (Hill Behan), appeals from the grant of summary judgment in favor of defendants, Peggy Stockton (Stockton), Washington Savings & Loan Association (Washington) and Dorothy Beste, trustee. We reverse and remand.

The issues in this case turn on the application of § 429.010 RSMo 1986, which limits the imposition of a lien on property "to the extent of three acres" if the property is not located in a "town, city, or village."

On August 30, 1988, Hill Behan filed a petition seeking equitable enforcement of a mechanic's lien and damages. In Count I of its petition, Hill Behan alleges that Ms. Stockton entered into a contract with Mike Dinan for the construction of a residence on her property.[1] Dinan, Hill Behan alleges, was an agent for Stockton and, as an agent, Dinan requested Hill Behan to furnish materials for the construction. Hill Behan also alleges it furnished the materials, it demanded payment for them, but no payment was made. The balance on the account is $10,256.36. Hill Behan prayed for a judgment against Stockton and Dinan

for $10,256.36 and a mechanic's lien on Stockton's property "to the extent permitted by law...." Washington is a defendant as a holder of the deed of trust on Stockton's property.

Stockton's property, a 22.8 acre tract, is described in the Hill Behan original petition as:

> All that part of the East half of the Northeast qr. of sectionized Section 10, Township 44 North, Range 3 West being located within U.S. Survey No. 3030, lying South of the centerline of Boeuf Creek and West of the centerline of Boeuf–Lutheran Road containing 22.80 acres, more or less, as per survey by Norbert Wunderlich.

The lien statement filed by Hill Behan contains the same description. Thus, neither the petition nor the lien statement described a three acre tract or limited the request for a lien to three acres of the whole tract.

On December 16, 1988, Hill Behan moved for a summary judgment. Subsequently, the motion was argued, the case was passed to February 7, and Stockton was given sixty days to present further evidence.

Then, Washington moved for summary judgment on Count I, contending the property description in Hill Behan's lien statement and in its petition was not a true description of the property on which the lien was intended to apply as required by § 429.080.[2] Washington argued the petition sought a lien on more than three acres. Shortly thereafter, Hill Behan filed a motion for permission to enter Stockton's land to survey the land to determine the three acres to which the lien, if granted, should apply. The attorneys appeared for two more arguments and several memos were filed.[3]

On April 17, 1989, the court granted a summary judgment in favor of Stockton

---

1. Dinan is also a defendant in this cause.

2. Apparently, Stockton joined in Washington's motion for summary judgment.

3. The record shows two different arguments after all motions had been filed, but does not show exactly which issues were argued. The memos filed during this period are not in the record. Thus, we do not know which issues

and Washington. On May 1, 1989, Hill Behan moved to amend the description of the property in its petition to limit its claim to three acres as follows:

the building, appurtenances, improvements and land above described to the extent permitted by law under Section 429.010 et sequor, being the maximum of three (3) acres together with land necessary to provide a roadway for ingress and egress from the parcel of land upon which such building, erection or improvements are situated, not to exceed forty (40) feet in width.... (amendment underlined)

On May 16, 1989, the court granted Hill Behan's motion to amend its petition, "reaffirmed" its grant of summary judgment in favor of Stockton and Washington, and expressly found the grant of summary judgment to be a final, appealable order as to those parties. The court also ordered that the Answers of Stockton and Washington be refiled as Answers to the Amended Petition. Plaintiff's appeal followed.[4]

Section 429.010 RSMo 1986 provides "[a]ny person who shall ... furnish any material ... for any building, ... upon complying with [this chapter] shall have for his ... materials ... a lien upon such building ... and upon the land on which [it is] situated, to the extent of three acres." The three acre limitation does not apply if the land is in any city, town or village. *Id.* The record here does not explicitly state whether the land in question is in a city or not. The parties briefed the case assuming the three acre limitation does apply. We adopt that assumption. *Twin Bridges Co. v. Ferner,* 700 S.W.2d 534, 537 n. 3 (Mo. App.1985).

At times, our Courts have held that where the lien statement and the petition describe land in excess of the statutory maximum, and there is no attempt before judgment to specifically describe the proper size, no lien may be imposed. *E.g. Twin Bridges Co.,* 700 S.W.2d at 538–539 and cases cited therein. Without a showing of what land is to be subject to the lien, the courts reason, no meaningful judgment can be rendered. *Id.* at 536–539. But, this reason is qualified when there is a prejudgment request for permission to survey the land in question, in order to be able to specifically describe the three acres upon which the lien is sought to be imposed. *E.g. Paradise Homes, Inc. v. Helton,* 631 S.W.2d 51 (Mo.App.1981). The party seeking the lien has the right to file an indefinite description of the three acre tract and substitute a definite one prior to judgment. *Id.* at 53. Denial of that right is prejudicial error. *Id.* at 54.

Hill Behan argues it made a request to survey the land in question before the judgment was rendered. Therefore, it argues, the request was timely and it should be allowed to proceed to trial.

Stockton counters by arguing that Hill Behan did not attempt to limit its claim to three acres or describe a three acre portion of the larger tract until after trial. Her argument turns on her interpretation of the January 3 argument on Hill Behan's motion for summary judgment. Stockton argues that Hill Behan's motion for summary judgment was argued and submitted before Hill Behan requested permission to enter and conduct a survey.[5] The argument and submission constitute a trial, she contends, after which any attempt to meet

---

were being argued during each of the two arguments. During this period, there were three motions pending: Hill Behan's motion for summary judgment; Stockton's and Washington's "joint" motion for summary judgment; and Hill Behan's motion for permission to enter Stockton's land to conduct a survey.

**4.** Stockton has filed a motion to strike two exhibits filed by Hill Behan in this Court. The exhibits are the petition and lien statement from another case. The record does not show these

exhibits were before the trial court. Documents not before the trial court will not be considered here on appeal. Rule 81.14(e); *Castle v. Castle,* 642 S.W.2d 709, 711 n. 1 (Mo.App.1982). We, therefore, grant Stockton's motion.

**5.** Stockton does not argue Hill Behan's request to survey, if made before its motion for summary judgment, would have been insufficient to meet the requirements of the lien statute.

the lien statute requirements would be untimely.

We agree that Hill Behan was required to provide a legal description of the precise land upon which it sought a lien before any meaningful judgment could be rendered. *E.g. Twin Bridges Co., supra.* However, we do not agree with Stockton's assessment of the January 3 argument on Hill Behan's motion for summary judgment as a trial.

A minute entry, dated January 3, 1989, on the "docket sheet" in the Legal File states: the attorneys for all three parties appeared and argued Hill Behan's motion for summary judgment, Stockton was granted 60 days to present further evidence, and the case was passed to February 7. Stockton's argument that Hill Behan's motion was submitted on January 3 is thus refuted by the record. At best, the record shows that some argument took place before Hill Behan requested permission to enter Stockton's property.

The record also shows two more arguments were made after January 3, the latest on April 4, and the record shows the filing of several memoranda, the last on April 12. We cannot tell, however, which motions were argued when or what issues the memoranda concerned. For all that appears in the record, Hill Behan's motion could have been argued as late as April 4, and Hill Behan may have filed a memo with the trial court as late as April 12.

■ We must view the record in the light most favorable to the party against whom summary judgment was granted, and give that party the benefit of every doubt. *Triggs v. Risinger,* 772 S.W.2d 381, 382 (Mo.App.1989). So viewed, the record does show Hill Behan attempted to provide a legally sufficient description of the three acre tract upon which it sought the lien before the occurrence of any hearing or process occurred which could properly be considered a trial or judgment.

Washington also makes the argument just discussed. In addition, Washington argues that Hill Behan's amendment of its petition was untimely because Hill Behan filed its motion to amend after summary judgment was granted in favor of Washington. This argument is not persuasive.

■ Until the court granted Washington's and Stockton's motion for summary judgment, Hill Behan had a motion pending for permission to enter Stockton's land to conduct a survey. To us, Hill Behan's failure to amend its petition before judgment is understandable. Hill Behan was waiting for permission to get the information it needed to amend its petition to bring it into compliance with the lien statute. Affirming the judgment entered against Hill Behan would penalize it for following the procedure explicitly sanctioned by our courts. This we will not do.

■ Although the lien statement and the original petition here did not limit the claim to a "three acre" statutory maximum, as in *Paradise Homes, Inc., supra,* the amended petition does. In addition, before judgment, Hill Behan requested permission to enter Stockton's land to conduct a survey to provide a legal description of the property. Under these circumstances, we see no reason to penalize Hill Behan for failing to limit its claim. In some cases, it may not be possible to determine before filing the petition whether the property in question is within a city and thus subject to the three acre limitation. So long as the plaintiff is willing to provide a sufficient description of the land before judgment, a meaningful judgment can be rendered.

In *Tual v. Martin,* 228 Mo.App. 30, 66 S.W.2d 969 (1933), the court of appeals affirmed an award of a lien under similar circumstances. The plaintiff had described defendant's entire 300 acre tract without limiting his claim to the then statutory maximum of one acre. *Id.* at 970. Defendant filed a "demurrer" to the petition, arguing that the plaintiff's failure to limit the claim to one acre meant the court did not have jurisdiction. The trial court denied the "demurrer", and the plaintiff then

asked the court to appoint a commissioner to survey the land and determine the appropriate acre. A commissioner made a survey and filed it with the court. Apparently the plaintiff offered the survey into evidence, and the trial court imposed a lien on the house and one acre of land. On appeal, the court affirmed the judgment, holding it was not reversible error for the trial court to deny the "demurrer" because of an excess amount of land described in the petition, especially since a correct description of the land was furnished to the court. *Id.* at 972. The holding and teaching of *Tual* are applicable here.

Defendants also argue that Stockton's land has been under a cloud since the lien statement was filed and that the failure to limit the claim resulted in the cloud covering the entire 22.8 acres instead of just three. However, without a specific survey of the land to determine the acreage to which the lien will apply, a bare limitation of three acres will not do much to clear the cloud. In addition, if Hill Behan prevails, it will also be entitled to enough land for access to the three acre tract. Section 429.010 RSMo 1986.

Stockton makes an additional argument which is neither clear nor explicit. As we understand this argument, it is an attempt to apply an inapplicable doctrine. This doctrine provides that when one other than the contracting parties comes into possession of the land in issue, a description of land in a lien statement must specifically describe the exact acres of land upon which the lien is sought. *First Florida Bldg. Inc. v. Safari Systems, Inc.*, 570 S.W.2d 728, 735 (Mo.App.1978). The rationale behind the doctrine is to ensure that any subsequent purchaser has had notice of the claim pending against the land. *DeWitt v. Smith*, 63 Mo. 263, 266–267 (1876).

In this case, there is no suggestion that any person other than Stockton has possession of the land in question. Arguably, Washington's deed of trust is facially sufficient to invoke the doctrine. However,

from the record, it appears that Washington acquired its deed of trust in January 1988, before Hill Behan filed its lien statement and petition. Therefore, Washington is not a party who came into possession of the land after the lien statement and petition were filed.[6]

We reverse the judgment and remand this cause for proceedings consistent with this opinion.

SMITH and GRIMM, JJ., concur.

---

**6.** We find it significant that Washington does not make this claim.